

# NUMBERS 13-14-00049-CR and 13-14-00050-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ADRIEN "BULL" SHERMANE THOMAS,                                    Appellant,

v.

THE STATE OF TEXAS,                                    Appellee.

### On appeal from the 24th District Court
### of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Benavides
### Memorandum Opinion by Justice Rodriguez

Appellant Adrien "Bull" Shermane Thomas challenges his convictions on two charges of the manufacture or delivery of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c), (d) (West, Westlaw through 2013 3d C.S.). By one issue, appellant argues that the trial court abused its discretion at appellant's revocation

hearing when it failed to exclude witnesses after appellant invoked Texas Rule of Evidence 614. We affirm.

## I. Background[1]

Appellant was indicted in separate trial court cause numbers for two controlled substance offenses: first, for the second-degree felony offense of the delivery of one gram or more but less than four grams of cocaine, *see id.* § 481.112(c) (trial court cause number 05-04-10,127A, appellate cause number 13-14-00049-CR); and second, for the first-degree felony offense of the delivery of four grams or more but less than 200 grams of cocaine, *see id.* § 481.112(d) (trial court cause number 05-04-10,130, appellate cause number 13-14-00050-CR).[2] Appellant pleaded guilty to both offenses. In cause number 05-04-10,127A, the trial court deferred adjudication of appellant's guilt and placed him on a ten-year term of community supervision. In cause number 05-04-10,130, the trial court assessed a sentence of ten years' imprisonment and a $10,000 fine, but the term of imprisonment was suspended and appellant was placed on community supervision for that offense, as well.

Several years later, the State filed a motion to adjudicate appellant's guilt and revoke his community supervision. After a two-day hearing on the State's motion, the trial court adjudicated appellant's guilt in cause number 05-04-10,127A and sentenced him to fifteen years' incarceration. In cause number 05-04-10,130, the trial court revoked

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] Appellant challenges both cases in one appellate brief; and we will, likewise, consolidate our disposition of both cases in this single opinion.

appellant's community supervision and sentenced him to ten years' incarceration. The trial court ordered the two sentences to run concurrently. This appeal followed.

## II.  Discussion

By his sole issue on appeal, appellant argues that the trial court abused its discretion in failing to exclude witnesses from the courtroom once he invoked rule 614. *See* TEX. R. EVID. 614 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . ."). The State contends that appellant failed to preserve this issue for our review. We agree with the State.

The record shows that on the first day of appellant's revocation hearing, the State called four witnesses—a probation officer, two police officers, and a parole officer—who were questioned on direct and cross examination. The State then rested its case. Appellant called two witnesses, who were examined by both parties, and the trial court then recessed the proceedings for the day.

On the second day of the hearing, defense counsel called one of the officers who had testified for the State on the previous day. At this point, defense counsel attempted to invoke rule 614, and the following exchange occurred:

| [Defense counsel]: | Your Honor, at this time I'd like to invoke The Rule, please. |
| [Prosecutor]: | Your Honor, he can't invoke The Rule now. |
| [Court]: | We're too far into the . . . |
| [Defense counsel]: | Okay. |

Defense counsel then proceeded to examine the police officer. No further attempts were

3

made to exclude witnesses from the courtroom, and counsel did not otherwise object to the testimony of any of the remaining witnesses.

Having reviewed appellant's attempt to invoke rule 614 in the context of the surrounding record, we cannot conclude that he succeeded in doing so. Rather, he appears to have acquiesced to the prosecutor and trial court's suggestion that the proceedings had advanced too far to invoke the Rule when he did.[3] In short, we find no indication in the record that appellant ever complained to the trial court about its failure, if any, to exclude witnesses under rule 614. Having never made the complaint to the trial court, he cannot now make it for the first time on appeal. *See* TEX. R. APP. P. 33.1(a). We overrule appellant's issue.

### III. Conclusion

We affirm the judgments of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 18th
day of September, 2014.

---

[3] We express no opinion as to whether this was a proper basis for the trial court's refusal, if any, to implement rule 614 at this stage.

4